**STATE of Tennessee, Appellee,**

v.

**Tom KEENAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 17, 1987.

Permission to Appeal Denied by Supreme Court Sept. 8, 1987.

L.L. Harrell, Jr., Harrell, Harrell & Agee, Trenton, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This matter is before the Court from the dismissal of appellant's petition to the Circuit Court of Madison County for pretrial diversion. T.C.A. § 40–15–101 *et seq.* In order to evaluate the appellant's contention that the trial court erred in dismissing his petition for diversion, we will look into the background of the events that led up to that dismissal.

Appellant was convicted in the City Court of Jackson for selling intoxicating beverages to a minor pursuant to T.C.A. § 57–4–203. He was fined $100 and given a sentence of thirty days, of which all but five days were suspended. The record reflects that the appellant appealed this conviction to the Circuit Court of Madison County for de novo review. The appellant then filed a petition in that court for pretrial diversion. The Circuit Court correctly dismissed the petition and ruled that pretrial diversion is applicable only to post-indictment and pre-trial charges. T.C.A. § 40–15–101 *et seq.*

The State's response cites many reasons why this appeal should be dismissed.

First, the State points out that appellant has been convicted and appealed from that

conviction. Our Supreme Court has distinguished pre-trial diversion as being judicial in character in that it involves a procedural alternative to prosecution and a disposition by normal methods. *Dearborne v. State,* 575 S.W.2d 259 (Tenn.1978). Thus, the very nature of pre-trial diversion obviates the applicability of this alternative to the case at hand. T.C.A. § 40–15–101 *et seq.; Pace v. State,* 566 S.W.2d 861 (Tenn.1978); *Blackwell v. State,* 605 S.W.2d 832, 834 (Tenn.Crim.App.1980).

Secondly, the State submits that appellant has waived his right to an indictment in order to submit this case to the jurisdiction of the City Court. *Henderson v. State,* 539 S.W.2d 843 (Tenn.Crim.App. 1976). While the record does not reflect this waiver, the fact of the matter is that appellant was not under indictment when he filed his petition for pre-trial diversion. As a general rule, the proper procedure to seek pre-trial diversion in a misdemeanor case is to forego waiver of indictment and allow the case to be bound over to the grand jury.

Thirdly, the State argues that the proper procedure for appellate review of such matters is pursuant to Rule 9 or 10 Tenn.R. App.P. The State is correct assuming there has been a proper compliance with the pre-trial diversion statutes. The State further points out that the criteria for Rule 9 or 10 Tenn.R.App.P. application have not been met. Notwithstanding the above, appellant seeks permission by motion for this Court to allow his late filing a Rule 9 application. With our holding that the Circuit Court was correct in dismissing his petition for pre-trial diversion, appellant's motion is moot.

In conclusion, the trial court did not err in dismissing the appellant's petition for diversion. Accordingly, this appeal is dismissed.

DAUGHTREY and BIRCH, JJ., concur.